# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLEN DONTRELL LOBLEY,

    Petitioner,

v.                                                                                        Case No. 10-C-174

WILLIAM POLLARD,
  Warden, Green Bay Correctional Institution,

    Respondent.

## ORDER

On March 3, 2010, the petitioner, Allen Dontrell Lobley, filed a petition for a writ of habeas corpus. The respondent has filed his answer. On August 11, 2010, the petitioner filed a motion to file his presentence investigation report under seal and to extend the deadline for filing his brief in support of petition for writ of habeas corpus. The court granted the petitioner's motion to extend the deadline for filing his brief. The court also ordered the respondent to advise the court by August 24, 2010, regarding his position on the petitioner's motion to seal. The respondent filed a response to the motion and, therefore, it is ready for resolution.

In seeking to file his Presentence Investigation Report (PSI) under seal in this action, the petitioner maintains that the report is part of the record for his state court case, but not part of this case. He asserts that he would liked to cite to, and generally refer to, a portion of the PSI. Because the PSI is confidential, and must remain confidential, see Wis. Stat. § 972.15(4), the petitioner asks the court to allow him to file it under seal.

In response, the respondent states that because the PSI was part of the state court

record and likely was reviewed by the Wisconsin Court of Appeals, he has no objection to including it in the record in this action. However, the respondent points out that the PSI is confidential and the petitioner has not taken the threshold step to obtain a circuit court order allowing for disclosure to this court pursuant to Wis. Stat. § 972.15(4). The respondent also asserts that the fact that the petitioner's attorney has a copy of the report does not change the requirement because the statute provides that "[a] district attorney or defendant's attorney who receives a copy of the report shall keep it confidential." Wis. Stat. § 972.15(4m).

Section 972.15(4) of the Wisconsin statutes provides that the PSI is confidential and "shall not be made available to any person except upon specific authorization of the court." Wis. Stat. § 972.15(4). The court referred to is the circuit court. See State v. Parent, 298 Wis. 2d 63, 725 N.W.2d 915, 929 (Wis. 2006). The petitioner has not received authorization of the circuit court and, therefore, the court will not grant his motion to seal at this time. Rather, the court will hold the petitioner's motion in abeyance until he has the opportunity to seek the authorization of the circuit court.

The petitioner shall file the appropriate motion or other document in the circuit court to obtain authorization for disclosure of his PSI. On or before October 15, 2010, if the petitioner has not received authorization for disclosure of the PSI, he shall inform the court of the actions he has taken to obtain such authorization and the current status of the circuit court proceeding. Once authorization is received, the court will address the petitioner's motion to seal. The court notes that the PSI is currently docketed under seal in this action. (Docket #14). The PSI will remain docketed and sealed pending the outcome of the petitioner's motion.

## ORDER

**NOW, THEREFORE**, it is hereby ordered that the petitioner's motion to seal be and hereby is held in abeyance pending the petitioner's receipt of authorization for disclosure of his PSI from the circuit court. The petitioner shall promptly notify the court when such authorization is received.

**IT IS ALSO ORDERED** that on or before October 15, 2010, if the petitioner has not received authorization for disclosure of his PSI from the circuit court, he shall inform the court of the actions he has taken to obtain the authorization and the current status of the circuit court proceeding.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge